UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>                                             Plaintiffs,<br><br>                  against<br><br>KNIGHT WOOD FLOORING, INC., EDWARD L. KNIGHT WOOD FLOORING CONTRACTOR, INC., and CAVALIER FLOORING, INC.,<br><br>                                             Defendants. | 20 CV _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and other applicable law, to collect delinquent benefit contributions and related relief.

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this judicial district pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) because the Plaintiffs reside in this district.

## THE PARTIES

4. Plaintiffs Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 10 Corporate Park Drive, Suite A, Hopewell Junction, New York 12533.

5. Plaintiffs Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 10 Corporate Park Drive, Suite A, Hopewell Junction, New York 12533.

6. Defendant Knight Wood Flooring, Inc. ("KWF") is a for-profit corporation formerly organized and established under the laws of the State of New York and, at relevant times, duly authorized to conduct business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. At all relevant times, Knight maintained a principal place of business at 2949 Route 66, Chatham, New York 12037.

7. Defendant Edward L. Knight Wood Flooring Contractor, Inc. ("ELK") is a for-profit corporation organized and established under the laws of the State of New York and duly

authorized to conduct business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.  ELK maintains its principal places of business at 2949 Route 66, Chatham, New York 12037.

8. Defendant Cavalier Flooring, Inc. ("Cavalier") is a for-profit corporation organized and established under the laws of the State of New York and duly authorized to conduct business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.  Cavalier maintains its principal place of business at 2949 Route 66, Chatham, New York 12037.

## STATEMENT OF FACTS

### KWF's and ELK's Obligations under their CBAs

9. Defendants KWF and ELK, at all relevant times, are and have been bound by collective bargaining agreements ("CBAs") with the North Atlantic States Regional Council of Carpenters ("Union"), or a predecessor thereto.

10. The CBAs required Defendants KWF and ELK, *inter alia*, to remit the contributions to the Funds, as third-party beneficiaries of the CBAs, in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

11. The CBAs also required Defendants KWF and ELK, *inter alia*, to submit reports on a monthly basis to the Funds detailing the amount of Covered Work performed.

### KWF's and ELK's Delinquent Contributions

12. From January 1, 2002 through December 31, 2005, Defendants KWF and ELK failed to remit contribution to the Funds in accordance with the CBAs.

13. On November 14, 2007, the Funds commenced an action ("2007 Action") against KWF and ELK seeking to recover contributions owed pursuant to an audit of KWF and ELK covering the period January 1, 2002 through December 31, 2005 containing a principal deficiency of $456,255.18 ("2002-05 Audit").

14. The Funds alleged that KWF and ELK constituted a single employer.

15. Since at least 2014, Defendants KWF and ELK failed, again, to remit contributions to the Funds in accordance with the CBAs.

**The Creation of Cavalier after the Funds Obtained the Judgment against KWF and ELK**

16. While the 2007 Action was pending, KWF and ELK ceased their business operations.

17. On January 28, 2009, Edward L. Knight incorporated Cavalier.

18. Since its inception, Cavalier has performed the same work as KWF and ELK: installation of wood floors in residential and commercial projects, including sanding and refinishing, within the state of New York City.

19. Cavalier specifically represents that since 1990 it has provided "high-quality installation and workmanship for all wood flooring matters [including]…installation of gymnasium floors and refinishing of existing gym floors."

20. Following the creation of Cavalier, on June 8, 2010, the Funds obtained a judgment against KWF and ELK in the United States District Court, Eastern District of New York, arising from 2002-05 Audit, in the amount of $1,680,317.80 ("Judgment").

**Cavalier is the Successors and Alter Ego of KWF and ELK**

21. Edward L. Knight is the chief executive officer of KWF, ELK, and Cavalier.

4

22. KWF, ELK, and Cavalier all share a facility at 2949 Route 66, Chatham, New York 12037.

23. KWF, ELK, and Cavalier have a shared business purpose of installing wood floors in residential and commercial projects.

24. KWF, ELK, and Cavalier work in the same geographic area.

25. KWF, ELK, and Cavalier have the same employees that install wood floors.

26. KWF, ELK, and Cavalier have the same office and administrative staff.

27. Upon information and belief, KWF, ELK, and Cavalier also have a financial interrelationship.

28. At relevant times, ELK and Cavalier were covered by the same workers' compensation insurance policy.

29. Upon information and belief, KWF, ELK, and Cavalier share customers.

30. At all relevant times, KWF and ELK were bound by CBAs with the Union.

31. Edward L. Knight ceased KWF's and ELK's operations and started operating the same wood flooring installation business under the name Cavalier.

32. Cavalier is merely a disguised continuance of KWF and ELK, having only been technically changed in name alone.

33. Thus, at relevant times, Cavalier has been the successor and alter ego of KWF and ELK, as all three companies had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

34. Moreover, Edward L. Knight created and operated Cavalier to escape KWF's and ELK's obligations to the Funds under the CBAs, including the delinquent contributions underlying

5

the Judgment and any other obligations arising from the Covered Work performed by Cavalier, including the avoidance of the Judgment.

35. Accordingly, KWF, ELK, and Cavalier operates as either alter ego entities and/or as predecessors/successors to evade KWF's and ELK's obligations to the Funds under the CBAs between KWF, ELK, and the Union, which identifies the Funds as third-party beneficiaries and incorporates the Funds' policies on collecting delinquent contributions.

36. Since KWF, ELK, and Cavalier effectively operate as one entity, with substantial continuity of management, employees, and customers, they are alter ego and/or predecessor/successors entities, rendering each entity liable for the debts and obligations of the other.

37. Therefore, KWF, ELK, and Cavalier are all are subject to KWF's and ELK's CBAs, including the obligation to remit benefit contributions to the Funds, and all entities are subject to the Judgment.

## CLAIM FOR RELIEF AGAINST DEFENDANTS
### Alter-Ego and/or Successor Liability for Delinquent Contributions

38. Plaintiffs repeat and re-allege every allegation set forth above as if set forth herein.

39. Section 515 of ERISA states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a [CBA] shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

40. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

41. At relevant times, KWF and ELK manifested an intent to be bound by a CBA.

6

42. The CBAs and the documents and instruments governing the Funds require KWF and ELK to remit specified hourly contributions to the Funds in connection with all Covered Work and to submit to, and comply with, periodic payroll audits demanded by the Funds.

43. The terms of the CBA apply to any Covered Work performed by KWF and ELK, whether such work is performed under its own name or under the name of an affiliate company, like Cavalier.

44. At relevant times, KWF, ELK, and Cavalier were alter egos of each other and/or Cavalier was the successors of KWF and ELK, as they have substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

45. By virtue of their status as alter egos and as predecessors/successors, KWF, ELK, and Cavalier are and have at all relevant times been bound by the CBA and are jointly and severally liable for each other's obligations thereunder, including the Judgment.

46. KWF, ELK, and Cavalier violated the terms of the CBAs when they failed to remit all contributions when they performed Covered Work.

47. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and the documents and instruments governing the Funds, the Funds are entitled to an order holding Defendants joint and severally liable, based on their alter ego/successor status, for (A) the Judgment; and (B) all delinquent contributions owed by Defendants identified in an audit of Defendants' books and records covering the period of December 1, 2014 through the present, plus interest thereon as calculated in the CBAs, liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions identified in that audit, reasonable attorneys' fees, audit fees, and other costs incurred during such audit and collections procedures, including the attorneys' fees and costs associated with this action.

**DEMAND FOR JURY TRIAL**

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

(1) Declare Defendant Cavalier Flooring, Inc. the successors and alter ego of Defendants Knight Wood Flooring, Inc. and Edward L. Knight Flooring Contractor, Inc., rendering Defendants joint and severally liable for the Judgment and any additional delinquent contributions identified in this lawsuit, plus associated relief under ERISA and the CBAs, including interest, liquidated damage, and reasonable attorneys' fees and costs;

(2) Award Plaintiffs a judgment against Defendants, jointly and severally, in the amount of the Judgment, $1,680,317.80, plus Plaintiffs' reasonable attorneys' fees and costs incurred in collecting said sums, pursuant to Defendants' status as successor/alter egos;

(3) Order Defendants, pursuant to the CBA to which Defendants are all bound on account of their alter ego/successor status, to submit to an audit of their books and records covering the period of December 1, 2014 through the present ("2014-Present Audit");

(4) Award Plaintiffs a judgment against Defendants, joint and severally due to their alter ego/ successor status, in an amount equal to all delinquent contributions revealed by the 2014-Present Audit, plus interest thereon as calculated under the CBA and/or ERISA, liquidated damages in the amount of twenty percent (20%) of the delinquent contributions identified in the 2014-Present Audit, plus Plaintiff's reasonable attorneys' fees, audit fees, and other costs incurred during such audit and collections procedures, including Plaintiff's attorneys' fees and costs associated with this action; and

(5) Award Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       December 1, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/ Nicole Marimon _____

Nicole Marimon, Esq.  
40 Broad Street, 7th Floor  
New York, New York 10004  
(t) (212) 943-9080  
(f) (212) 943-9082  
nmarimon@vandallp.com

*Attorneys for Plaintiffs*

9